**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Nathaniel CLARK, Defendant–**
**Appellant.**

**No. 02–3250.**

United States Court of Appeals,
Sixth Circuit.

Jan. 21, 2003.

---

Before MARTIN, Chief Judge;
MERRITT and LAY,* Circuit Judges.

*ORDER*

Nathaniel Clark appeals his conviction for possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1). The parties have expressly waived oral argument, and upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On March 1, 2000, a grand jury indicted Clark and Bobby L. Wright for possession with intent to distribute approximately 3 kilograms of powder cocaine. Unlike codefendant Wright who entered into a plea agreement, Clark exercised his right to a trial by jury. At trial, Clark's counsel

---

* The Honorable Donald P. Lay, United States Circuit Judge for the Eighth Circuit, sitting by designation.

unsuccessfully moved for a judgment of acquittal at the conclusion of the government's evidence, and the jury thereafter convicted Clark of the charged offense. In a supplemental verdict, the jury found that the amount of cocaine attributable to Clark was more than 500 grams, but less than 5 kilograms. Clark was sentenced to 188 months in prison.

In his timely appeal, Clark argues that the district court erred by denying his motion for a judgment of acquittal because the evidence presented at trial was insufficient to sustain his conviction.

The facts underlying Clark's convictions are not complicated. At approximately 12:30 a.m. on February 10, 2000, Ohio Highway Patrol Officer Stidham stopped Clark for failing to signal a turn. Clark was unable to produce a license, as his license had been suspended several months earlier, and the purported rental papers for the car produced by Clark's passenger, Bobby Wright, did not match the results from a computer registration search. Stidham, upon advising Clark of his *Miranda* rights and obtaining his consent, searched the car with the aid of Trooper Sanchez. In the trunk, the officers discovered a backpack containing packages of cocaine, but the Drug Enforcement Agency (DEA) did not subsequently check the packages for fingerprints. Sanchez also discovered $1,000 in cash in Clark's pocket.

At trial, Sanchez testified that Clark had explained that the cash was partial payment for the trip with Wright and that he knew what was in the trunk, but that he did not know the amount. Mark Ellinwood, a DEA agent working with Sanchez, similarly testified that Clark said that he was being paid $1,500 for the trip and that he knew the package contained drugs, but that he did not know how much or what kind. Wright, however, testified that he had asked Clark to come along on the trip from Chicago so that they could visit a sick relative in Cleveland, that he had not given Clark any money, and that Clark did not know that there was cocaine in the trunk. Wright admitted that there was no luggage in the car.

Clark contends that insufficient evidence existed to show that he had knowingly possessed cocaine with the intent to distribute because he did not know the controlled substance was cocaine, his fingerprints were not on the bag that contained the cocaine, he consented to the search of the car and was cooperative, and his codefendant testified that Clark did not know that there was cocaine in the trunk.

A motion for judgment of acquittal challenges the sufficiency of the evidence to support a conviction. *See* Fed.R.Crim.P. 29; *United States v. King,* 169 F.3d 1035, 1038 (6th Cir.1999). Thus, an appeal from the denial of a motion for a judgment of acquittal automatically requires the court to consider whether sufficient evidence existed to support the conviction.

The denial of a motion for a judgment of acquittal is reviewed de novo. *United States v. Keeton,* 101 F.3d 48, 52 (6th Cir.1996). When considering whether a conviction is supported by sufficient evidence, this court reviews the evidence and all reasonable inferences in a light most favorable to the government. *United States v. Bashaw,* 982 F.2d 168, 171 (6th Cir.1992). The evidence is sufficient to support a conviction if any rational trier of fact would accept the evidence as establishing each essential element of the crime. *Jackson v. Virginia,* 443 U.S. 307, 324, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Circumstantial evidence is sufficient to support a conviction. *United States v. Seaton,* 45 F.3d 108, 110 (6th Cir.1995). This court refrains from independently judging the weight of the evidence and assessing the

credibility of witnesses. *United States v. Wells*, 211 F.3d 988, 1000 (6th Cir.2000); *United States v. Jackson*, 55 F.3d 1219, 1225 (6th Cir.1995).

To establish that a defendant violated § 841(a)(1) by possessing with intent to distribute a controlled substance, the government must prove that: 1) the defendant possessed a controlled substance; 2) the defendant possessed the controlled substance with a specific intent to distribute it: and 3) the defendant did so knowingly and intentionally. *See* 21 U.S.C. § 841(a)(1). It is unnecessary for the government to prove that the defendant knew either the type or the amount of the controlled substance that was possessed. *United States v. Carranza*, 289 F.3d 634, 644 (9th Cir.), *cert. denied*, No. 02–6884 (Nov. 18, 2002); *United States v. Barbosa*, 271 F.3d 438, 458 (3d Cir.2001), *cert. denied*, No. 02–5060 (Dec. 2, 2002). Furthermore, "[i]ntent to distribute a controlled substance [may be] inferred solely from possession of a large quantity of the substance." *United States v. White*, 932 F.2d 588, 590 (6th Cir.1991).

Sufficient evidence was presented to prove Clark's knowing possession of the cocaine. As the driver of the rental car and holder of the key. Clark had constructive possession of a large quantity of cocaine and his intent to distribute could thus be inferred without other evidence, such as fingerprints. *See, e.g., White*, 932 F.2d at 589–90; *United States v. Gibbs*, 904 F.2d 52, 57 (D.C.Cir.1990). Nonetheless, the testimony of Sanchez and Ellinwood concerning Clark's statements provided additional confirmation that Clark knowingly possessed the cocaine. Clark's alleged ignorance of the type and quantity of the controlled substance in the trunk

was immaterial, and the jury was free to disbelieve Wright's testimony at trial. *See United States v. Latouf*, 132 F.3d 320, 330–31 (6th Cir.1997). Because the evidence was sufficient, the district court properly denied Clark's motion for a judgment of acquittal.

Accordingly, the district court's judgment is affirmed.