*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 05a0458p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

        *Plaintiff-Appellee,*

    *v.*

JERMAINE SAVOIRES,

        *Defendant-Appellant.*

No. 04-2140

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 03-80482—Bernard A. Friedman, District Judge.

Argued: November 1, 2005

Decided and Filed: November 30, 2005

Before: MARTIN, NELSON, and ROGERS, Circuit Judges.

_____

## COUNSEL

**ARGUED:** Todd A. Shanker, FEDERAL PUBLIC DEFENDERS OFFICE, Detroit, Michigan, for Appellant. Kathleen Moro Nesi, ASSISTANT UNITED STATES ATTORNEY, Detroit, Michigan, for Appellee. **ON BRIEF:** Todd A. Shanker, FEDERAL PUBLIC DEFENDERS OFFICE, Detroit, Michigan, for Appellant. Susan E. Gillooly, ASSISTANT UNITED STATES ATTORNEY, Detroit, Michigan, for Appellee.

_____

## OPINION

_____

DAVID A. NELSON, Circuit Judge. In June of 2004 this court held that "18 U.S.C. § 924(c) criminalizes two separate and distinct offenses": "(1) *using or carrying* a firearm *during and in relation to* a drug trafficking crime, and (2) *possessing* a firearm *in furtherance of* a drug trafficking crime." *United States v. Combs*, 369 F.3d 925, 930-33 (6th Cir. 2004).

Prior to the *Combs* decision, the defendant in the case at bar was charged with and convicted of several crimes under an indictment one count of which improperly combined elements of both § 924(c) offenses. At trial the jury was given instructions that tended to compound the confusion. These errors cast substantial doubt on whether the defendant was unanimously convicted of an offense criminalized by § 924(c). We shall therefore reverse the § 924(c) conviction.

Under separate counts of the indictment the defendant was convicted on felon-in-possession and drug trafficking charges. Those convictions will be affirmed, the defendant having failed to

show prejudice resulting from a violation of his Sixth Amendment right to confront witnesses. We shall, however, vacate the sentence for these convictions because of the intervening decision in *United States v. Booker*, 125 S.Ct. 738 (2005). The case will be remanded for resentencing.

I

On May 5, 2003, a Detroit police officer had an informant make a controlled purchase of crack cocaine at a suspected drug house. On the strength of an affidavit describing the purchase, the officer obtained a warrant to search both the house and the seller of the drug.

Police officers executed the warrant two days later. The officers entered the house forcibly after announcing "police, search warrant." The defendant, Jermaine Savoires, ran out a back door, was apprehended, and was instructed to get on the ground. When Mr. Savoires was permitted to stand, two plastic bags fell out of his clothing. These bags, and a third bag found in a subsequent search of Savoires' clothing, contained paper packets of heroin and small plastic bags of crack cocaine. The packaging suggested to the police that the drugs were intended for distribution.

Inside the house officers found a loaded shotgun beside a couch in what was described as the dining room. Five persons — but no other drugs, firearms, or ammunition — were discovered in the house.

An officer interrogated Mr. Savoires at the scene. In the course of the interrogation the officer posed written questions to which Mr. Savoires wrote out answers that he initialed. Among the questions and answers were the following:

"Q – Were you in possession of cocaine & heroin when the Police arrived?

A – Yes. J[ermaine].S[avoires].

Q – Why were you in possession of cocaine & heroin?

A – Because I was selling it. J.S.

\* \* \*

Q – Did you have a loaded shotgun at 13838 Goddard?

A – Yes. J.S.

Q – Why did you have the shotgun at 13838 Goddard?

A – For protection. J.S."

A federal grand jury handed up a three-count indictment charging Mr. Savoires with (1) possession of a firearm after he had been convicted of a felony, (2) possession of cocaine base and heroin with intent to distribute them, and (3) both carriage and possession of a firearm "during and in relation to and in furtherance of a drug trafficking crime. . . ."

Before trial, Mr. Savoires moved for an order requiring the government to produce the informant whose controlled purchase had led to issuance of the search warrant. The district court denied the motion on the ground that the informant's involvement had been limited to procurement of the warrant, the validity of which was not at issue. The court ruled that the government could present testimony that a search warrant was obtained on the basis of the informant's controlled buy,

but the court suggested that the warrant itself (which contained the informant's description of the seller) might not be admissible.

The parties stipulated at trial that Mr. Savoires had a prior felony conviction. They also stipulated to the type and weight of the drugs that Mr. Savoires had on his person.

The parties agreed upon proposed jury instructions. The agreed instructions covering the third count of the indictment — the § 924(c) charge — started out by saying that the defendant had been charged "with the crime of possession of a firearm in furtherance of a drug trafficking crime." (So far so good, as far as consistency with the statute is concerned.) The instructions then went on to quote the relevant language of the indictment, including a part alleging that the defendant "did knowingly carry and possess [a described shotgun] during and in relation to and in furtherance of a drug trafficking crime. . . ."

Here, as can be seen by the quotations from *Combs* with which we began this opinion, the portion of the indictment that was to be read to the jury borrows one of its verbs from the statutory language that creates the first § 924(c) offense, while the other verb relates to the second § 924(c) offense. And the qualifying phrase for the first offense, "during and in relation to" a crime of the type described, is conjoined with the qualifying phrase for the second offense, "in furtherance of" such a crime.

After quoting the indictment, the agreed instructions went on to quote § 924(c) itself; the instructions thus repeated statutory language that speaks of a person who "during and in relation to" a drug trafficking crime "uses or carries . . . a firearm, or who, in furtherance of [a drug trafficking crime], possesses such a firearm. . . ." The clarity of the statute was then muddied by a gloss in which the agreed instructions said that "[t]he crime of *using, carrying, or possessing* a firearm *during and in relation to* a . . . drug trafficking crime . . . has two essential elements . . . ." (Emphasis supplied.) The instructions described these elements as follows:

> "One: The crime of possession with intent to distribute cocaine base and heroin . . . was committed; and
>
> Two: During and in relation to the commission of that crime, the defendant knowingly used or carried or possessed a firearm."

The district court gave the agreed instructions to the jury with minor changes that are not relevant here. The prosecutor echoed the faulty § 924(c) instructions in closing argument, telling the jury that the second element of the § 924(c) offense consisted of "possess[ing] a firearm during and in relation to" a drug trafficking crime.

The jury convicted Mr. Savoires on all charges. He received concurrent 46-month sentences for the felon-in-possession and drug trafficking convictions and a consecutive 60-month sentence for the § 924(c) conviction. At sentencing, the district judge explained that he would have imposed a lighter sentence had the sentencing guidelines permitted it:

> "I intend to give you the lowest sentence I can. Unfortunately, the guidelines are here and I have to follow the guidelines. Even the lowest sentencing is a lot of time, very frankly, and probably more time than I would give you but for the guidelines. . . . As I say, it's a lot of time, a lot more time than I would give you if I had any discretion."

Mr. Savoires filed a timely appeal.

II

Mr. Savoires makes two arguments relating to his conviction under 18 U.S.C. § 924(c). First, he argues that the § 924(c) count of the indictment improperly charged two separate offenses. Second, he argues that the jury instructions amended the indictment so as to allow a conviction for conduct not criminalized by § 924(c). We find these arguments largely persuasive.

Section 924(c) of Title 18, United States Code, mandates an additional penalty of at least five years of imprisonment for "any person who, during and in relation to any crime of violence or drug trafficking crime . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm." It is now settled in this circuit, to repeat, that § 924(c) criminalizes two distinct offenses: (1) a "use or carriage" offense, which has "during and in relation to" as its "standard of participation," and (2) a "possession" offense, which has "in furtherance of" as its standard of participation. *Combs*, 369 F.3d at 930-33.

In the light of *Combs*, the § 924(c) charge against Mr. Savoires was clearly duplicitous — *i.e.*, it "set[] forth separate and distinct crimes" in a single count. *United States v. Davis*, 306 F.3d 398, 415 (6th Cir. 2002), *cert. denied*, 537 U.S. 1208 (2003). Although the § 924(c) count was captioned, unexceptionably, "Possession of Firearm in Furtherance of Drug Trafficking Crime," this count proceeded to allege, as we have seen, that Savoires "carr[ied] *and* possess[ed]" a firearm "during and in relation to *and* in furtherance of" a drug trafficking crime. (Emphasis added.)

A duplicitous charge calls into question the unanimity of a verdict of guilty. See *Davis*, 306 F.3d at 415, 416. But such a charge is not prejudicial *per se*, because proper jury instructions can mitigate the risk of jury confusion and alleviate the doubt that would otherwise exist as to whether all members of the jury had found the defendant guilty of the same offense. See *id.* at 415-16. In *Davis*, the indictment charged the defendant with "us[ing], carry[ing], and possess[ing]" a firearm "in furtherance of" a crime of violence. *Id.* at 415 (internal quotation marks omitted). The *Davis* court assumed, without so deciding, that § 924(c) creates two offenses, making this charge duplicitous insofar as it alleged elements of both § 924(c) offenses. The jury instructions, however, spoke only of a single offense: "using" or "carr[ying]" a firearm "during and in relation to" a crime of violence. *Id.* at 416 (internal quotation marks omitted). Because juries are presumed to follow the instructions they are given, we concluded that the indictment had not affected the defendant's substantial rights. See *id.*

In the case at bar the jury instructions did not clarify the duplicitous § 924(c) charge. To the contrary, as noted above, the instructions combined elements of the separate "use or carriage" and "possession" offenses, expressly authorizing a conviction if the jury found that Mr. Savoires "used or carried *or possessed*" a firearm "[d]uring and in relation to" a drug trafficking crime. (Emphasis added.)

Regardless of whether these instructions improperly amended the indictment, we think that Mr. Savoires' substantial rights were prejudiced. Significantly, the "in furtherance of" element of the § 924(c) "possession" offense constitutes "a higher standard of participation" than "during and in relation to." *Combs*, 369 F.3d at 933. It follows from this that the jury might have found Mr. Savoires guilty of an "offense" — possession of a firearm during and in relation to a drug trafficking crime — that is not criminalized by § 924(c). We note that the prosecutor's closing argument invited just such a finding.

The government contends that the jury instructions effectively, if inartfully, informed the jury that to convict the defendant under § 924(c), the jury would have to find that he possessed a firearm "in furtherance of" a drug trafficking crime. We disagree. The language on which the government relies — "The firearm must have played a role in the underlying crime of drug

trafficking or must have been intended by the defendant to play a role in that crime" — immediately follows a definition of "uses or carries a firearm" and can easily be understood as a part of that definition. Therefore, even if the "played a role" language adequately conveys the meaning of "in furtherance of,"[1] the jury might have found possession (rather than use or carriage) without finding that the firearm played a role, or was intended to play a role, in the underlying drug trafficking crime.

Given the risk of prejudice to his substantial rights, Mr. Savoires did not waive his objection to the indictment by failing to raise it before trial. See *Davis*, 306 F.3d at 415. Nor does the fact that Savoires himself submitted the defective jury instructions (jointly with the government) preclude us from granting relief. "Invited error . . . does not foreclose relief when the interests of justice demand otherwise." *United States v. Barrow*, 118 F.3d 482, 491 (6th Cir. 1997). And where "the government [i]s as much as fault for inviting the error as the defendant" and "the defendant . . . is claiming that his constitutional rights have been violated," the interests of justice are not served by a strict application of the waiver doctrine. *Id.*

We may correct the errors identified by Mr. Savoires if they constitute "plain error" within the meaning of Rule 52(b), Fed. R. Crim. P. See *Barrow*, 118 F.3d at 491. The duplicity of the indictment and the related defects in the charge to the jury are plain in the light of our *Combs* decision. At the very least, these errors affected Savoires' substantial rights by authorizing a conviction for a non-existent offense. The possibility of such an outcome undermined the fairness of Savoires' trial. We are satisfied, therefore, that plain error has been established, see *id.* (setting forth the "four-factor test for plain error"), and that the § 924(c) conviction must be reversed.

### III

Mr. Savoires argues that the district court's denial of his motion for production of the government's informant, in conjunction with the admission of testimonial statements made by the informant, represented a denial of the Sixth Amendment right of confrontation. This argument fails, in our view, because Mr. Savoires was not prejudiced by the admission of any statement attributable to the informant.

In *Crawford v. Washington*, 541 U.S. 36 (2004), the Supreme Court held that "testimonial, out-of-court statements offered against the accused to establish the truth of the matter asserted may only be admitted where the declarant is unavailable and where the defendant has had a prior opportunity to cross-examine the declarant." *United States v. Cromer*, 389 F.3d 662, 671 (6th Cir. 2004). An informant's statements to police are "testimonial." See *id.* at 675.

In the case at bar, the only evidence that had anything to do with the informant consisted of a police officer's explanation of how he obtained a warrant to search the house in question:

"Q      You said that you had contact with a source of information; is that correct?

A      Yes.

*       *       *

Q      And the source of information gave you information pertaining to these premises; is that correct?

---

[1] A firearm is possessed "in furtherance of" a crime when it is "possessed to advance or promote the commission" of that crime. *Combs*, 369 F.3d at 933 (internal quotation marks omitted).

A     Yes, ma'am.

Q     And the information they [g]ave you led you to some conclusions about   the use of the premises?

A     Yes, ma'am, it did.

Q     And what were those conclusions?

A     That the location at the Goddard address was a facility that was storing   and selling suspected narcotics.

Q     And was the [source of information] used by you to, in fact, make a purchase of narcotics at the location?

A     Yes, ma'am.

\*      \*      \*

Q     And a purchase of narcotics was made from the location?

A     Yes, ma'am, suspected crack cocaine.

\*      \*      \*

Q     Did the [source of information] give you a description of the seller?

\*      \*      \*

A     Yes, ma'am, a description was given.

Q     And based upon that information from the [source of information], did   you take any action?

A     Yes, ma'am, I prepared a search warrant affidavit . . . ."

If this testimony disclosed a statement of the informant, it was to the effect that drugs were being sold at the Goddard house. The informant's description of the person who sold him or her crack cocaine was never revealed to the jury.

The information about the informant's statement that was disclosed to the jury would not implicate the Confrontation Clause if offered solely as background and not as substantive proof that drugs were sold at the house. See *Cromer*, 389 F.3d at 675-76; *United States v. Martin*, 897 F.2d 1368, 1371-72 (6th Cir. 1990). But the prosecutor did not use the informant's statement solely as background. Arguing for a finding that the drugs found on Savoires were intended for distribution, the prosecutor reminded the jury in closing argument of the officer's testimony that "he obtained a search warrant based upon information from [a source of information] who had made a purchase from that location several days prior." "It's a distribution center," the prosecutor continued, "and the defendant was the distributor."

If the prosecutor's use of otherwise proper background evidence violated the Confrontation Clause, however, we are satisfied that the error was harmless. See *Jordan v. Hurley*, 397 F.3d 360, 363 (6th Cir. 2005) ("Confrontation Clause violations are subject to harmless error review"). For one thing, the fact that drugs were sold at the Goddard house was established by the officer's testimony that the informant made a controlled purchase. Moreover, the evidence against Mr.

Savoires was compelling. The drugs, packaged in a manner typical of packaging for distribution, were present in his clothing. And he admitted, in a written statement, both that he was selling cocaine and heroin and that he had a loaded shotgun with him for protection. In the light of this evidence, we see no reasonable possibility that the prosecutor's use of the informant's statement made a difference to the jury.

IV

Mr. Savoires' final argument is that the district court erred by sentencing him as if the United States Sentencing Guidelines were mandatory. The court plainly did so, and the government agrees that resentencing is required under *United States v. Booker*, 125 S. Ct. 738 (2005), and *United States v. Barnett*, 398 F.3d 516 (6th Cir.), *cert. dismissed*, 126 S.Ct. 33 (2005).

Accordingly, Mr. Savoires' § 924(c) conviction is **REVERSED**, his remaining convictions are **AFFIRMED**, his sentence is **VACATED**, and the case is **REMANDED** for resentencing.