**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
**File Name: 06a0158n.06**
**Filed: February 28, 2006**

**Case No. 05-1189**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| LEE EDWARD LOWE, | ) | DISTRICT OF MICHIGAN |
| | ) | AT DETROIT |
| Defendant-Appellant. | ) | |
| _____ | ) | |

**BEFORE: BOGGS, Chief Judge and BATCHELDER, Circuit Judges; KATZ[*], District Judge.**

**ALICE M. BATCHELDER, Circuit Judge.** Lee E. Lowe appeals his convictions for

being a felon in possession of a firearm ("Count One")(18 U.S.C. § 922(g)(1)), possession of a

firearm in furtherance of a drug trafficking crime ("Count Two") (18 U.S.C. § 924(c)(1)(A)), and

possession of cocaine with intent to distribute ("Count Three") (21 U.S.C. § 841(a)(1)). A jury

found Lowe guilty on all three counts on September 10, 2004, and the district court sentenced him

to one day in prison on each of Counts One and Three, to be served concurrently with 60 months

in prison on Count Two.

Lowe challenges his convictions on two grounds: first, that the evidence the government

presented was insufficient to support all three of his convictions; and second, that the district court

issued erroneous jury instructions on Count Two by mingling instructions for "using" firearms with

---

[*]The Honorable David A. Katz, Senior United States District Judge for the Northern District of Ohio, sitting by designation.

those for "possessing" firearms, effectively amending his indictment in violation of his Fifth and Sixth Amendment rights. We conclude that sufficient evidence was presented to the jury to support the convictions on Counts One and Three, and we will affirm Lowe's convictions on those counts. We hold, however, that the district court plainly erred in instructing the jury as to the elements of the offense on Count Two. We therefore will vacate Lowe's conviction on Count Two and remand the case to the district court.

## I. Factual and Procedural History

On May 21, 2003, police officers made a controlled drug purchase at 6334 Rohns in Detroit based on a tip from a confidential informant. After obtaining a search warrant for the residence to seize drugs, firearms, proof of residency or occupancy, and any written evidence of drug dealings and to arrest persons at the location, the officers returned the next day. The warrant described the seller as 30 to 35 years old, with the nickname "Tone."

Police arrived at 6334 Rohns on May 22 and observed two women outside the house, one of whom was about to enter it. After a man inside the house allowed the woman to enter, the police officers approached the house and announced their presence and purpose, but received no response. They then forced open the door, finding Lowe inside, approaching the door. Near him in plain view on the television stand, the officers saw 24 packs of what they suspected to be crack cocaine. The police also found in plain view on the bottom shelf of a coffee table about ten feet from Lowe, a loaded .38 revolver and a digital scale and, leaning against a wall three or four feet from Lowe as the police entered, a shotgun. Lowe had $284 in small bills on his person. Police arrested Lowe but never found or arrested Tone.

2

Lowe testified that since his retirement as a welder from Chrysler, he had obtained a professional barber's license from Detroit Barber College and worked part time at Fludge's Unisex Salon. He also moonlighted peddling sex toys, although he acknowledged that this particular business venture was not completely legitimate. Lowe said that after meeting at a bar an individual who called himself "Buddy," Lowe went back to Buddy's house in order to complete a sale of his wares. Buddy, Lowe testified, was so grateful for the item he purchased that he left the house to buy Lowe a beer, leaving Lowe alone on the front porch.

Lowe maintained that he did not have keys to the house and had never been to the house before, claiming that he lived at 114 West Adams and owned another house at 5533 Baldwin. Lowe claims that he remained on the porch after Buddy left, until a woman named Mary approached alone. Lowe propositioned her for sex, and they decided to go into the house because the door was unlocked. Lowe added that Karen Zooper then came to the door, and he invited her into the house to wait for Buddy. Lowe testified that when the police arrived, the door was closed, but unlocked. No sex toys were found on the premises.

Zooper testified that the door was open when the police arrived. She added that she and a friend, Kim, had driven to the house to purchase marijuana. She described the individual from whom she sought to purchase narcotics at that house as a tall African-American male with a slight build and a large nose, identifying him by picture and in court as Lowe.

## II. Count Two Jury Instructions

### A. Standard of Review

Lowe argues on appeal that the jury instructions at trial improperly stated the law on possession of a firearm in furtherance of a drug trafficking crime and operated as an amendment of

3

the indictment, which violated his constitutional rights. Lowe did not object to these instructions at trial, and, in fact, submitted them jointly with the government. Our review, therefore, is for plain error. *See United States v. Savoires*, 430 F.3d 376, 381 (6th Cir. 2005); *United States v. Jones*, 108 F.3d 668, 670 (6th Cir. 1997) (en banc).

In reviewing for plain error we must determine whether (1) there was an error in the district court, (2) the error is plain, (3) the plain error affected the defendant's substantial rights, and (4) such error seriously affects the fairness, integrity or public reputation of judicial proceedings. *United States v. Thomas*, 11 F.3d 620, 630 (6th Cir. 1993). We review jury instructions to determine whether they adequately and fairly informed the jury of the relevant considerations and explained the applicable law in a way that would assist the jury in reaching its decision. *United States v. Layne*, 192 F.3d 556, 574 (6th Cir. 1999). We must look at the instructions as a whole and we will not reverse unless the instructions are confusing, misleading, or prejudicial. *United States v. Harrod*, 168 F.3d 887, 890 (6th Cir. 1999).

**B. Analysis**

Lowe claims that the jury instruction mixed the elements of two separate offenses, thus effectively amending the indictment and reducing the standard of conduct necessary for conviction of the crime charged. After reviewing the specific language of the statute as well as the language contained in the indictment and the relevant jury instructions, we conclude that Lowe is correct.

We begin with the language of the statute, 18 U.S.C. § 924(c), which was enacted in its current form in 1998, and reads in pertinent part:

> . . . any person who, during and in relation to any crime of violence or drug trafficking crime . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall [be subject to certain minimum sentences].

4

18 U.S.C. § 924(c)(1)(A). We have held that this section provides for two distinct offenses: one in which the offender "uses or carries" the firearm "during and in relation to" a drug trafficking crime (the "use" offense), and the other in which the offender "possesses" the firearm "in furtherance of" the drug trafficking crime (the "possession" offense). *See, e.g., Savoires*, 430 F.3d at 377, 380-81; *United States v. Combs*, 369 F.3d 925, 930-32 (6th Cir. 2004). We have further held that the proofs required for each offense are distinct, *see Combs*, 369 F.3d at 930-32, and that the "possession" offense "requires a higher standard of participation to charge a defendant with the act." *Id*. at 933.

Count Two of the indictment charged that Lowe ". . . did knowingly and unlawfully possess a firearms [sic] . . . in furtherance of the drug trafficking crime . . . ." This language correctly states the elements of the "possession" offense. The district court, however, instructed the jury that Count Two of the indictment charged that Lowe "did knowingly *carry* and possess firearms, . . . *during and in furtherance of a drug trafficking crime . . . .*" [emphasis added]. This is clearly a misstatement of the indictment's actual language, and it does not accurately state either the "use" or the "possession" offense. While one could argue that Lowe was not prejudiced by this misstatement because it would require the government to prove beyond a reasonable doubt more than the elements of the "possession offense" alone, the errors in the instructions did not stop here.

The district court went on to instruct the jury that 18 U.S.C. § 924(c) provides that "'[w]hoever *during and in relation to* any . . . drug trafficking crime . . ., or in furtherance of . . . such crime *possesses* a firearm, shall, . . .' be guilty of an offense against the United States," [emphasis added] and that in order to convict Lowe of "the crime of possession of a firearm during a drug trafficking crime, as charged in Count Two," the government was required to prove beyond

5

a reasonable doubt two elements. Those elements, the court explained, are that Lowe committed the drug trafficking offense charged in Count Three of the indictment, and that "[d]*uring and in relation to* the commission of that crime, Defendant Lee Lowe knowingly possessed a firearm *in furtherance* of that crime" [emphasis added]. This instruction is erroneous because it conflates the elements of the "use" offense with the elements of the "possession" offense both in its rendition of the statute's language and in its explanation of the statute's elements. Again, one might argue that the errors did not prejudice Lowe, inasmuch as the court, in explaining the second element of the offense, actually increased the government's burden by requiring that the possession be both "in furtherance of" and "during and in relation to" the drug trafficking crime. But the instruction is clearly wrong.

Finally, the district court instructed the jury on the meaning of "possession in furtherance":

> The phrase "possession in furtherance" means having a firearm, or firearms, available to assist or aid in the commission of the crime alleged in Count Three of the indictment.
> In determining whether Defendant Lee Lowe possessed a firearm in furtherance of drug trafficking, you may consider all of the factors received in evidence in the case including the nature of the underlying drug trafficking alleged, the proximity of the defendant to the firearm in question, the usefulness of the firearm to the crime alleged, and the circumstances surrounding the presence of the firearm.
> The government is not required to show that Defendant Lee Lowe actually displayed or fired the weapon. The government is required, however, to prove beyond a reasonable doubt that the firearm was in the defendant's possession or under the defendant's control at the time that a drug trafficking crime was committed.

In *United States v. Mackey*, 265 F.3d 457 (6th Cir. 2001), we examined the history of the current version of § 924(c)(1)(A), recognizing implicitly that the statute now encompasses two distinct offenses with different proofs, and explicitly that "Congress intended the 'in furtherance of' limitation to be a higher standard than 'during and in relation to,'" 265 F.3d at 461, and "[b]y

6

requiring that the possession be 'in furtherance of' the crime, Congress intended a specific nexus between the gun and the crime charged." *Id.* at 462 (citing *United States v. Finley*, 245 F.3d 199, 203 (2d Cir. 2001)). We pointed to the language in the Judiciary Committee Report opining that "[t]he government would have to show that the firearm . . . advanced or promoted [the defendant's] drug dealing activity," *id.* (quoting H.R. Rep. No. 105-344, 1997 WL 668339 at *12 ) (internal quotation marks omitted), and we emphasized that

> the possession of a firearm on the same premises as a drug transaction would not, without a showing of a connection between the two, sustain a § 924(c) conviction. In order for the possession to be in furtherance of a drug crime, the firearm must be strategically located so that it is quickly and easily available for use.

*Id.* (citing *United States v. Feliz-Cordero*, 859 F.2d 250, 254 (2d Cir. 1988)). Finally, we noted other factors upon which possession in furtherance of a drug trafficking crime may depend: "whether the gun was loaded, the type of weapon, the legality of its possession, the type of drug activity conducted, and the time and circumstances under which the firearm was found." *Id.* (citing *United States v. Ceballos-Torres*, 218 F.3d 409, 414-15 (5th Cir. 2000)).

In contrast, using or carrying "during and in relation to" a drug trafficking offense requires only that the evidence "support a finding that the firearm furthered the purpose or effect of the crime and that its presence or involvement was not the result of coincidence." *United States v. Warwick*, 167 F.3d 965, 971 (6th Cir. 1995). The government may satisfy this requirement by showing that "the gun facilitates or has the potential of facilitating the drug trafficking offense" and the defendant "intended to have the firearm available for use during or immediately following the transaction, or [ ] it facilitated the crime by emboldening the defendant." *Id.* (citing *Smith v. United States*, 508 U.S. 223, 238 (1993); *United States v. Brown*, 915 F.2d 219, 226 (6th Cir. 1990)).

7

The instruction given in Lowe's case, while purporting to instruct on "possession in furtherance," actually stated the law for "using or carrying during and in relation to." This jury instruction required only that the weapon be present during the commission of the drug trafficking offense and did not require that the jury find any connection between the firearm and the drug trafficking crime, or any of the factors that we have held may demonstrate possession "in furtherance" of that crime. Hence, the "possession in furtherance of" instruction permitted the jury to find Lowe guilty of possession of a firearm in furtherance of a drug trafficking offense, the offense requiring the higher standard of participation, *see Combs*, 369 F.3d at 932, by finding only that he had possessed a firearm "during and in relation to" the drug offense.

The instructions as a whole, as they pertain to the § 924(c) charge, are confusing, misleading and—in material part—simply wrong. While the evidence may well have been sufficient to support a jury verdict under a correct instruction, the conflation of elements of the separate offenses in several parts of the jury instructions, together with the flatly wrong statement of the definition of "possession in furtherance of," deprived the jury of the opportunity to come to that verdict. We conclude that this error affected Lowe's substantial rights, and that the conviction premised on these erroneous instructions seriously affects the integrity of the judicial proceedings. We recognize that the error was in large part invited, inasmuch as Lowe agreed to the instructions he now attacks, but we nonetheless conclude that in giving these instructions, the district court plainly erred. *See Savoires*, 430 F.3d at 381. We therefore must vacate Lowe's conviction on Count Two.

### III. Sufficiency of the Evidence

Lowe claims on appeal that the evidence is insufficient to support his convictions on any of the counts of the indictment. Lowe made an oral motion under Federal Rule of Criminal Procedure

8

29 for judgment of acquittal after the government rested its case, but failed to renew it at the end of the presentation of evidence and did not file a post-trial motion for judgment of acquittal. Our review is therefore limited to determining whether a "manifest miscarriage of justice" has occurred. *See United States v. Khalil*, 279 F.3d 358, 368 (6th Cir. 2002); *United States v. Price*, 134 F.3d 340, 350 (6th Cir. 1998). In entertaining a challenge to the sufficiency of the evidence used to convict a defendant, we must uphold a jury verdict if, "viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Khalil*, 239 F.3d at 368 (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1969)). But the standard for finding a miscarriage of justice is higher still—we may find a miscarriage of justice only if the record is "devoid of evidence pointing to guilt." *Price*, 134 F.3d at 350.

## A. Possession of a Firearm By a Felon

In order for a jury to convict a defendant of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), the government must prove that the defendant has a prior conviction for a felony punishable by imprisonment of more than one year, the defendant knowingly possessed the firearm specified in the indictment, and the firearm traveled in or affected interstate commerce. *United States v. Smith*, 320 F.3d 647, 655 (6th Cir. 2003), *cert. denied*, 538 U.S. 1023 (2003); *United States v. Walker*, 160 F.3d 1078, 1987 (6th Cir. 1998); *United States v. Moreno*, 933 F.2d 362, 372 n.1 (6th Cir. 1991). The government can prove possession through direct or circumstantial evidence, which are to be accorded the same weight, and circumstantial evidence alone can support a guilty verdict. *See United States v. Prince*, 214 F.3d 740, 746 (6th Cir. 2000); *United States v. Stone*, 748 F.2d 361, 362 (6th Cir. 1984).

9

The indictment charged Lowe with possession of both the .38 revolver and the shotgun; at issue here is only whether Lowe knowingly possessed them. Possession can be either actual or constructive. *Smith*, 320 F.3d at 655. The defendant may be found to have constructive possession where, although he does not have actual possession, he has the power and intention at a given time to exercise control over the firearm. *United States v. Craven*, 478 F.2d 1329, 1333 (6th Cir. 1973). We have found that dominion over the house in which firearms are present is sufficient for a defendant to be "in possession" of the firearms. *See United States v. Whitehead*, 415 F.3d 583, 589 (6th Cir. 2005).

Taking the evidence in the light most favorable to the government, we find that there is sufficient evidence here to show that Lowe possessed the firearms. As the government noted, the jury was given a choice between accepting Lowe's interpretation of the evidence or that of the law enforcement officers. Lowe explained to the jury that he was a first-time visitor to the house and had no idea that any drug-dealing activity went on there. The officers, on the other hand, viewed Lowe's actions as very consistent with those of a person who was familiar with the premises and had been there before, pointing to (1) Lowe's testimony that he propositioned a woman for sex and went inside the house with her to carry it through; (2) the fact that Lowe admitted people into the home and shut the door behind them; and (3) Lowe's testimony that the "true occupant" of the home (Buddy or Tone) trusted him with his possessions, which the evidence demonstrated included both weapons and illegal drugs. The jury was free to believe the officers' interpretation of this evidence, as well as the officers' testimony that drug traffickers often rotate on and off in shifts, which would explain the absence of "Tone" at the house and the presence of Lowe, and the government's argument that narcotics traffickers do not lightly entrust others with their drugs or the premises in

which they keep them. The jury, therefore, could reasonably have found that Lowe exercised dominion over the home, including the firearm.

**B. Possession of Cocaine With Intent to Distribute**

To obtain a conviction under 21 U.S.C. § 841(a) of possession of cocaine with intent to distribute, the government was required to show that Lowe (1) knowingly or intentionally, (2) possessed, (3) with the intent to distribute, (4) a controlled substance. *United States v. Monger*, 185 F.3d 574, 577 n.2 (6th Cir. 1999). Possession may be either actual or constructive, *United States v. Welch*, 97 F.3d 142, 150 (6th Cir. 1996), and intent to distribute may be inferred from the fact of possession of a large quantity of a drug alone. *See United States v. White*, 932 F.2d 588, 590 (6th Cir. 1991).

For all of the reasons which we have concluded that the evidence supports the jury's finding that Lowe was in possession of the firearms, we conclude that he was in possession of the 24 bags of packaged cocaine. He also, however, challenges the sufficiency of the evidence used to show that he had the intent to distribute, noting specifically that his fingerprints did not appear on the packages of cocaine or on the drug paraphernalia. In *United States v. Clark*, 56 Fed. App'x 217 (6th Cir. 2003), we stated in an unpublished opinion that

> [i]t is unnecessary for the government to prove that the defendant knew either the type or the amount of the controlled substance that was possessed. . . .Sufficient evidence was presented to prove [the defendant's] knowing possession of the cocaine. As the driver of the rental car and the holder of the key, [the defendant] had constructive possession of a large quantity of cocaine and his intent to distribute could thus be inferred without other evidence, such as fingerprints.

*Id.* at 219. Here, the fact that Lowe possessed the bags of cocaine, their quantity, the fact that they were divided up in convenient sale-sized packages, the scale, the presence of firearms, and the fact that a witness stated that she went to the residence to buy drugs specifically from Lowe, taken

11

together, is sufficient for a jury to infer that Lowe possessed the cocaine with the intent to distribute it. The lack of his fingerprints on any of the equipment or the packages of drugs does not mandate the reversal of his conviction. *See Clark*, 56 Fed. App'x at 219.

## IV. Conclusion

For the foregoing reasons, we **AFFIRM** Lee E. Lowe's convictions on Counts One and Three, **VACATE** the conviction on Count Two, and **REMAND** the case to the district court.