**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 09a0043n.06
Filed: January 21, 2009

**Case No. 07-1338**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellees, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| ANGELO ROBSON, | ) | DISTRICT OF MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| _____ | ) | |

BEFORE: BATCHELDER, SUTTON, and KETHLEDGE, Circuit Judges.

ALICE M. BATCHELDER, Circuit Judge. Defendant Angelo Robson appeals his convictions for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) ("Count One"), possessing a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) ("Count Two"), and possessing crack cocaine with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1) ("Count Three"). A jury found Robson guilty on all three counts.

Robson challenges his convictions on four grounds: first, that he received ineffective assistance of trial counsel; second, that the evidence presented was insufficient to support his convictions on Counts Two and Three; third, that the district court admitted evidence in violation of Federal Rule of Evidence 403; and finally, that the district court issued erroneous jury instructions with respect to Count Two. We conclude that Robson's first three arguments are without merit, but that — as the government concedes — the district court plainly erred in instructing the jury as to the

elements of the offence charged in Count Two. We therefore will affirm Robson's convictions on Counts One and Three, but vacate Robson's conviction on Count Two and remand the case to the district court for resentencing on the remaining counts.

## I. BACKGROUND

Robson and two other individuals were seen by two Detroit Police Officers entering a house located at 5799 Seneca Street. The officers knew that the house was abandoned and, in the past, had been the target of previous drug raids leading to multiple narcotics arrests. The officers followed the men into the house, without incident, and found Robson in a room cutting up a block of crack cocaine. The block of crack and the thirty smaller rocks which Robson had cut from it weighed a total of 3.43 grams. Approximately five or six feet away from Robson was an unloaded shotgun leaning against a chair. The officers arrested Robson.

Robson was indicted and tried by a jury. At trial, the government presented the testimony of the arresting officers as well as Detroit Police Sergeant Andrew White. Sergeant White, testifying as an expert in drug trafficking, explained that 3.43 grams of cocaine base is a distributable amount, and that cutting up a larger block of crack into thirty smaller rocks indicates an intent to distribute; an individual user would simply cut one rock off at a time to smoke. The jury returned guilty verdicts on all counts.

Robson complained that his trial counsel was ineffective, and asked that he be given a new trial and appointed new counsel. The district court appointed new counsel but withheld ruling on the motion for a new trial until Robson's new counsel filed a supplemental brief on the matter. After receiving Robson's supplemental brief, the district court denied the motion for a new trial, finding that Robson could not establish that he was prejudiced by any of his original counsel's alleged

2

deficiencies.

After an extended period of negotiation, the government and Robson reached an agreement in which Robson waived any claims of ineffective assistance under 28 U.S.C. § 2255 in exchange for the government's recommendation to the court that Robson receive a reduced sentence. The government recommended leniency, and the district court sentenced Robson to concurrent terms of 120 months' incarceration on Count One and 140 months on Count Three, and a consecutive term of 60 months on Count Two. Robson appealed.

## II. ANALYSIS

### A. Count Two Jury Instructions.

Count Two of the indictment charged Robson with possessing a firearm "in furtherance" of a drug trafficking crime under 18 U.S.C. § 924(c)(1)(A). However, the trial court instructed the jury on the offense of using a firearm "during and in relation to" a drug trafficking crime, and the government's argument addressed that offense. This Court has previously held that 18 U.S.C. § 924(c)(1)(A) "provides for two distinct offenses: one in which the offender 'uses or carries' the firearm 'during and in relation to' a drug trafficking crime (the 'use' offense), and the other in which the offender 'possesses' the firearm 'in furtherance of' the drug trafficking crime (the 'possession' offense)." *United States v. Lowe*, 172 F. App'x 91, 94 (6th Cir. 2006). The proofs required for each offense are distinct. *Id.*

The jury instructions given in this case conflated the two offenses and improperly charged the jury. Although Robson did not object at trial, the improper jury instructions constitute plain error. *See id*. at 96-97. The government concedes this argument, and in fact urges us to vacate Robson's conviction on this count. Accordingly, we vacate Robson's conviction on Count Two.

3

**B.      Testimony About Prior Drug Raids.**

Robson argues that the district court erred by permitting testimony about prior drug raids at 5799 Seneca Street, the house in which he was arrested.  Robson points to Federal Rule of Evidence 403, which states that relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." According to Robson, this testimony should have been excluded under Federal Rule of Evidence 403 because it was unfairly prejudicial and not relevant to or probative of any of the contested issues in his case.

Because Robson did not object to this testimony in the district court, we review only for plain error. *See United States v. Emuegbunam*, 268 F.3d 377, 406 (6th Cir. 2001); Fed. R. Crim. P. 52(b). Plain error requires us to determine whether "(1) an error occurred in the district court; (2) the error was obvious or clear; (3) the error affected defendant's substantial rights; and (4) this adverse impact seriously affected the fairness, integrity, or public reputation of the judicial proceedings." *Emuegbunam*, 268 F.3d at 406.

We conclude that the district court did not err — let alone plainly err — by allowing this testimony.  The history at 5799 Seneca Street was probative and relevant, because it explained why the police officers' suspicions were aroused when they saw three men enter the house, and because it put Robson's conduct in context.  He was in a known drug area, in a house that was known to have been the site of drug distribution in the past, facts that would reinforce the government's theory that Robson was intending to distribute the crack cocaine that he was cutting when the officers found him.  Furthermore, the testimony was not unfairly prejudicial, because the jury knew that Robson was not affiliated with the previous activity.

4

**C.      Ineffective Assistance of Counsel**

Claims of ineffective assistance of counsel present mixed questions of law and fact that we review de novo. *United States v. Pierce*, 62 F.3d 818, 833 (6th Cir. 1995). To prevail on an ineffective assistance of counsel claim the defendant must show that 1) counsel's performance was deficient and 2) the deficient performance prejudiced the defendant so as to deprive him of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To meet the first prong, the defendant must show that counsel's representation fell below an objective standard of reasonableness. *Id.* at 687-88. We must evaluate counsel's performance from counsel's perspective at the time of the conduct, using a highly deferential level of scrutiny. *Id.* at 689. To show prejudice the defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient conduct, the result of the trial would have been different. *Id.* at 694.

Generally, we will not consider on direct appeal claims of ineffective assistance of counsel. *United States v. Aguwa*, 123 F.3d 418, 423 (6th Cir. 1997). Rather, these claims are properly brought in post-conviction proceedings under 28 U.S.C. § 2255, where, among other things, the parties can develop a record adequate to permit thorough review. *Id.* Only if the record that comes to us on direct appeal is already adequately developed will we elect to consider such claims. *Pierce,* 62 F.3d at 833.

Robson argues that his trial counsel was ineffective due to his: (1) failure to seek appointment of an investigator; (2) failure to have some unidentified videotapes of the Detroit Police Department preserved; (3) failure to call witnesses identified during opening statement; (4) failure to call an expert who could have testified that 3.43 grams of cocaine base was a personal amount, not a distributive amount; (5) failure to obtain Robson's medical records; (6) failure to provide

clothing to Robson for voir dire and trial; (7) failure to respond to the government's proposed jury instructions on consciousness of guilt; (8) failure to object to testimony of other arrests and drug activity at 5799 Seneca Street; (9) failure to object to Sergeant White's being called as an expert in narcotics trafficking; (10) recalling witnesses to ask questions counsel forgot to ask earlier; (11) engaging in an "ongoing dispute" with the Court; and (12) engaging in objectionable statements during closing arguments.

Contrary to Robson's arguments, the record is not sufficient at this time to permit us to evaluate many of his ineffective-assistance claims. We cannot determine whether Robson's counsel provided ineffective assistance by failing to seek appointment of an investigator, because the record contains no indication of what an investigator might have discovered or how that information would have changed the outcome of the trial. The accounts in the record are in conflict with respect to Robson's claim that he was not provided street clothes for trial, and we are therefore unable to sort out this claim on direct appeal. The record does not indicate why counsel did not call the witnesses identified in his opening statement, or what these witnesses would have said to affect the outcome of the trial. Neither Robson nor the record indicates what videotapes counsel should have preserved or how the videotapes would have affected the outcome of his trial. Similarly, Robson has identified no expert who would testify that the amount of cocaine in Robson's possession was most likely for personal use and not for distribution. Finally, Robson's medical records are not a part of the trial record, we do not know the content of those records, and to the extent they might contain exculpatory information, the record does not indicate whether Robson's counsel knew of the records or, if he did, why he chose not to use them.

Robson argues that if we find the record insufficient, we should remand the case to the

6

district court for an evidentiary hearing. But, as we have already noted, the proper forum for these undeveloped claims is a § 2255 proceeding, where the district court can conduct an evidentiary hearing. Having waived his right to bring these claims under § 2255, Robson now asks us to work an end run around his agreement with the government and to order an evidentiary hearing on the issue of ineffective assistance as part of the direct review process. Robson cites no authority for this approach, and we are aware of none. Accordingly, we dismiss these undeveloped ineffective-assistance-of-counsel claims.

We will, however, review those of Robson's ineffective assistance claims as to which the record before us is sufficient to permit our review, but we deny these claims on their merits. Robson's counsel was not deficient for failing to object to the government's proposed jury instruction on consciousness of guilt; contrary to Robson's argument, his counsel *did* object to that instruction, and in any event, any objection would have been futile because the proposed jury instruction mirrored the standard Sixth Circuit Pattern Criminal Jury Instruction 7.14. The record does not support Robson's claims that his counsel was constitutionally deficient for pursuing a line of questioning related to police misconduct that the court deemed inappropriate, being admonished by the trial judge for arguing facts outside the record in his closing, or for recalling witnesses for additional questioning. Nor are we persuaded that counsel's "ongoing dispute" with the court, constituted ineffective assistance, because much (if not all) of this dispute happened outside the presence of the jury and Robson fails to explain how the dispute might have prejudiced him.

Finally, Robson does not persuade us that his counsel was constitutionally deficient for failing to challenge the expertise of Sergeant White or object to White's testimony regarding prior narcotics arrests at 5799 Seneca. An objection to Sergeant White's expertise likely would have been

7

futile, because we have recognized that "[p]olice officers are routinely allowed to testify that circumstances are consistent with distribution of drugs rather than personal use," *United States v. Swafford*, 385 F.3d 1026, 1030 (6th Cir. 2004), and White had been in the narcotics division for eighteen years, had been involved in over 25,000 narcotics arrests, had orchestrated more than 200 undercover purchases, and had been qualified as an expert in narcotics trafficking ten to fifteen times prior to testifying in this case, including at least once in federal court. Likewise, it would have been futile for counsel to object to White's testimony about the prior arrests at 5799 Seneca, because, as we have already explained, that testimony was not unfairly prejudicial.

Robson, therefore, has failed to show that any of the alleged deficiencies of his trial counsel amounted to ineffective assistance of that counsel. Furthermore, because Robson has failed to show that his counsel was actually deficient in any meaningful way, he cannot show that the cumulative effect of these alleged deficiencies amounted to ineffective assistance of counsel. *Campbell v. United States*, 364 F.3d 727, 736 (6th Cir. 2004) (the accumulation of non-errors cannot establish constitutionally ineffective assistance of counsel).

**D.      Sufficiency of Evidence**

Robson argues that the Government failed to produce evidence sufficient to convict him on Counts Two and Three. As part of his argument regarding Count Two, which charged him with possessing a firearm in furtherance of a drug-trafficking crime, Robson argues that he did not possess the firearm in question. Because we have already decided to vacate Robson's conviction on Count Two, we will limit our sufficiency-of-the-evidence review to Count Three.

"When reviewing the sufficiency of evidence in support of a jury verdict, this Court views the evidence in the light most favorable to the prosecution and gives the prosecution the benefit of

all reasonable inferences from the testimony." *United States v. Abboud*, 438 F.3d 554, 589 (6th Cir. 2006). Normally, our inquiry is aimed at determining whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Evans*, 883 F.2d 496, 501 (6th Cir. 1989) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979))(emphasis in original). Even this narrow inquiry is limited, however, "if the defendant failed to make a Rule 29 motion for judgment of acquittal at the end of the prosecution's case-in-chief and at the close of the evidence." *United States v. Jordan*, 544 F.3d 656, 670 (6th Cir. 2008) (quotation and citation omitted). We consider such a failure as "a waiver of objections to the sufficiency of the evidence," and where such a waiver has occurred, our review is "'limited to determining whether there was a manifest miscarriage of justice. A miscarriage of justice exists only if the record is devoid of evidence pointing to guilt.'" *Id.* (quoting *United States v. Price*, 134 F.3d 340, 350 (6th Cir. 1998)). In this case, Robson did not renew a motion for judgment of acquittal at the close of evidence, so our review is limited to determining whether the record is devoid of evidence pointing to guilt.

Count Three charged Robson with possessing crack cocaine with the intent to distribute it in violation of 21 U.S.C. § 841(a)(1). The offense has three elements: "(1) the defendant knowingly, (2) possessed a controlled substance, (3) with intent to distribute." *United States v. Coffee*, 434 F.3d 887, 897 (6th Cir. 2006). Robson argues only that the government failed to show that he intended to distribute the crack.

We conclude that sufficient evidence supported the jury's finding that Robson intended to distribute the crack cocaine. The government's expert testified that Robson's intent to distribute was indicated by the amount of crack in Robson's possession — 3.43 grams — and by his cutting up the crack into numerous smaller rocks. The record is not devoid of any evidence pointing to Robson's

9

intent to distribute.

### III. CONCLUSION

For the foregoing reasons, we **AFFIRM** Robson's convictions on Counts One and Three, **VACATE** his conviction on Count Two, and **REMAND** the case to the district court for resentencing.