NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0413n.06

No. 13-6053

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Jun 10, 2014
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff-Appellee, | ) |
| | ) ON APPEAL FROM THE UNITED |
| v. | ) STATES DISTRICT COURT FOR |
| | ) THE WESTERN DISTRICT OF |
| MARIO EVANS, | ) TENNESSEE |
| | ) |
| Defendant-Appellant. | ) |
| | ) |
| | ) |

BEFORE: BATCHELDER, Chief Judge; KEITH and STRANCH, Circuit Judges.

PER CURIAM. Mario Evans appeals his 292-month sentence. As set forth below, we affirm.

Evans pleaded guilty to a superseding indictment charging him with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) (Count 1), carjacking in violation of 18 U.S.C. § 2119 (Count 2), and using or carrying a firearm during and in relation to a crime of violence — the carjacking charged in Count 2 — in violation of 18 U.S.C. § 924(c) (Count 3). Citing *Alleyne v. United States*, 133 S. Ct. 2151 (2013), Evans objected to mandatory minimum sentencing enhancements for Counts 1 and 3 based on facts not alleged in the indictment. At sentencing, the district court overruled Evans's objection and determined that a fifteen-year mandatory minimum applied to Count 1 and a seven-year consecutive mandatory minimum applied to Count 3. The district court calculated the advisory guidelines range as 292 to 365 months of imprisonment pursuant to USSG § 4B1.1(c)(3). After considering the sentencing

factors under 18 U.S.C. § 3553(a), the district court sentenced Evans to concurrent terms of 208 months on Count 1 and 180 months on Count 2 and a consecutive term of 84 months on Count 3, for a total of 292 months of imprisonment. On appeal, Evans contends that the district court (1) misapplied *Alleyne* in concluding that it was bound by the enhanced mandatory minimum sentences for Counts 1 and 3 and (2) abused its discretion in imposing a substantively unreasonable sentence.

In *Alleyne*, the Supreme Court held that any fact that increases the mandatory minimum is an element of the crime and therefore, under the Sixth Amendment, must be included in the indictment, submitted to the jury, and found beyond a reasonable doubt. 133 S. Ct. at 2155. Evans's *Alleyne* argument is constitutional in nature and therefore triggers de novo review. *See United States v. Anderson*, 695 F.3d 390, 398 (6th Cir. 2012).

A defendant who is convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) and has three previous convictions for a violent felony or a serious drug offense is subject to an enhanced mandatory minimum sentence of fifteen years. 18 U.S.C. § 924(e). Since the Supreme Court's decision in *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), "it has been well-settled that 'a judge is permitted to find, based on the preponderance of the evidence, the fact of a prior conviction.'" *United States v. Pritchett*, __ F.3d __, Nos. 11-6489, 11-6490, 11-6491, 11-6495, 2014 WL 1378132, at *13 (6th Cir. Apr. 9, 2014) (quoting *United States v. Martin*, 526 F.3d 926, 941 (6th Cir. 2008)). In *Alleyne*, "the Supreme Court specifically declined to disturb the narrow exception for the fact of a prior conviction established by *Almendarez-Torres*." *Id*.; *see United States v. Mack*, 729 F.3d 594, 609 (6th Cir. 2013) ("Although *Almendarez-Torres* may stand on shifting sands, the case presently remains good law and we must follow it until the Supreme Court expressly overrules

it."), *cert. denied*, 134 S. Ct. 1338 (2014). Accordingly, the district court properly concluded that a fifteen-year mandatory minimum applied to Count 1 based on Evans's prior convictions.

A defendant who brandishes a firearm during and in relation to a crime of violence is subject to a consecutive mandatory minimum sentence of seven years. 18 U.S.C. § 924(c)(1)(A)(ii), (D)(ii). The government concedes that the district court violated *Alleyne* by applying the seven-year mandatory minimum because the indictment did not allege that Evans brandished the firearm, but it contends that this error was harmless because Evans knew about the enhanced mandatory minimum for brandishing a firearm before he pleaded guilty and admitted to brandishing the firearm. We have applied harmless error analysis to an indictment's failure to allege an element of a crime. *United States v. Stewart*, 306 F.3d 295, 322-23 (6th Cir. 2002). "Harmless error may be established 'where the government is able to prove that none of the defendant's substantial rights have been affected by the error.'" *United States v. Gillis*, 592 F.3d 696, 699 (6th Cir. 2009) (quoting *United States v. Oliver*, 397 F.3d 369, 381 (6th Cir. 2005)); *see* Fed. R. Crim. P. 52(a).

During the plea hearing, the district court advised Evans that, if he "brandished the firearm, then the penalty would be not less than seven years in prison." (RE 138, Plea Trans., Page ID # 237). Evans affirmed that he understood the potential statutory penalties. *Id.* With this knowledge, Evans still pleaded guilty. *See United States v. Yancy*, 725 F.3d 596, 602-03 (6th Cir. 2013) (finding no plain error where "[t]he defendant understood the charge against him (firearm use during a crime of violence), knew the consequences of brandishing (the seven-year minimum), and voluntarily pleaded guilty, admitting that he did in fact brandish the weapon during the carjacking").

Evans asserts that the district court could have given him an opportunity to admit that he brandished the firearm. While Evans did not use the word "brandish," he admitted to facts establishing that he brandished a firearm. "Brandish" means "to display all or part of the firearm, or otherwise make the presence of the firearm known to another person, in order to intimidate that person, regardless of whether the firearm is directly visible to that person." 18 U.S.C. § 924(c)(4). At the plea hearing, Evans admitted that he showed the victims his gun and took their car. According to the prosecutor, the government would have proved at trial that Evans, who was armed, followed Judy Russell to her car, demanded her car, purse, and cell phone, and struck her hand with his pistol, breaking her finger. The prosecutor further stated that when Dustin Russell, Judy's son, came to her aid, Evans threatened him with the gun. Evans conceded that the prosecutor's statement of the facts was correct. According to the facts set forth in the presentence report, Evans approached Judy's car, tapped on the driver's side window with a pistol, and told Judy to "give me the keys and get out of the car." (PSR ¶ 7). After Judy exited the vehicle, Evans ordered her to "give me your purse" and struck her hand with the pistol, breaking her little finger. (*Id.*). When Dustin arrived at his mother's car, Evans pointed the gun at his face and said, "I am going to blow your ass off." (PSR ¶ 8). By withdrawing his objections to the facts set forth in the presentence report, Evans admitted those facts. *See United States v. Adkins*, 429 F.3d 631, 632-33 (6th Cir. 2005).

The brandishing element is supported by uncontroverted evidence — Evans's admissions — and the record lacks evidence that could rationally lead to a finding that Evans did not brandish the firearm. *See Stewart*, 306 F.3d at 323. Accordingly, the *Alleyne* error was harmless.

We review the substantive reasonableness of Evans's sentence under an abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). "A sentence may be considered substantively unreasonable when the district court selects a sentence arbitrarily, bases the sentence on impermissible factors, fails to consider relevant sentencing factors, or gives an unreasonable amount of weight to any pertinent factor." *United States v. Conatser*, 514 F.3d 508, 520 (6th Cir. 2008). We afford a rebuttable presumption of substantive reasonableness to Evans's within-guidelines sentence. *United States v. Adkins*, 729 F.3d 559, 564 (6th Cir. 2013).

Evans contends that his sentence was substantively unreasonable because it was based on the district court's incorrect conclusion that it was required to impose a mandatory minimum of twenty-two years (fifteen years as to Count 1 in addition to seven years as to Count 3). As discussed above, the enhanced mandatory minimums applied to Evans. After considering the § 3553(a) factors, including the seriousness of Evans's offense, his significant criminal history, and his acceptance of responsibility, the district court imposed a sentence at the bottom of the guidelines range, noting that "[t]his is a case where one could easily go higher." (RE 170, Sent. Trans., Page ID # 490). Evans asserts that the sentence was "unreasonably too lengthy." "The mere fact that [Evans] desired a more lenient sentence, without more, is insufficient to justify our disturbing the reasoned judgment of the district court." *United States v. Trejo-Martinez*, 481 F.3d 409, 413 (6th Cir. 2007).

For the foregoing reasons, we affirm Evans's sentence.