RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 15a0239p.06

# UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT

———————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

No. 15-1076

TREMAINE BERNARD JOHNSON,

*Defendant-Appellant.*

———————————

Appeal from the United States District Court
for the Eastern District of Michigan at Ann Arbor.
No. 5:13-cr-20471—John Corbett O'Meara, District Judge.

Decided and Filed: September 30, 2015

Before: BOGGS, SUTTON, and COOK, Circuit Judges.

———————————

**COUNSEL**

**ON BRIEF:** Martin J. Beres, Clinton Township, Michigan, for Appellant. Mark Chasteen, UNITED STATES ATTORNEY'S OFFICE, Detroit, Michigan, for Appellee.

———————————

**OPINION**

———————————

SUTTON, Circuit Judge.   Tremaine Johnson challenges two felon-in-possession convictions, one related to his possession of a rifle, the other to a handgun. The government concedes the rifle conviction cannot stand. We agree and vacate the conviction. The same is not true of the handgun conviction, which we affirm.

Twice in 2007, Johnson was charged in Florida with crimes involving robbery with a deadly weapon. Each time he entered a no-contest plea leading to a conviction. Johnson

1

received a total sentence for the convictions of four years in jail. After his release and while on probation in Florida, Johnson moved to Michigan in violation of the terms of his probation. Law enforcement learned that Johnson was at the apartment of his girlfriend Sarah Tweedly in Michigan.

Several officers went to the apartment, where they found Tweedly but not Johnson. They also found a rifle under the bed. Tweedly explained to the officers that Johnson had brought the rifle with him when he moved in with her. She also said they had another gun in the apartment, but that, if it was not there, it was with Johnson, who was at work. Some of the officers went to Johnson's place of work, where they arrested him and found a handgun partially under the driver's seat of the car that he had driven to work.

A grand jury indicted Johnson on two counts of being a felon in possession of a firearm—one count per gun. 18 U.S.C. § 922(g)(1). After firing two attorneys, he represented himself at trial with standby counsel at his side. A jury found Johnson guilty on each charge. The court sentenced him to two concurrent 60-month sentences.

On appeal, Johnson first claims that the rifle-possession conviction should be reversed because it rested on hearsay evidence. He is right. The government to its credit concedes the error and concedes that it was not harmless. We agree and vacate the conviction.

Johnson claims that the handgun conviction should meet a similar fate because (1) it too rested on improperly admitted hearsay evidence; (2) the court should not have allowed the jury to see the nature of Johnson's prior felony; and (3) the court improperly instructed the jury on an element of the crime. We consider each argument in turn.

*Evidentiary challenges*. Johnson targets three pieces of hearsay from the testimony of Terry Schimke, an agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF). Agent Schimke testified that Johnson's girlfriend (Tweedly) told him that (1) *she* owned the handgun; (2) the handgun was typically on a nightstand in the bedroom and, if it was not there, Johnson had it; and (3) the nightstand was on Johnson's side of the bed. Johnson argues that the court should never have admitted this hearsay evidence, and the government concedes as much.

Even if that is true, this evidence made little difference to the case because considerable other evidence showed that Johnson possessed the handgun. As we have said before, we may affirm a conviction "if the record contains substantial evidence apart from the improperly admitted evidence so that there is no reasonable probability that the admission made a difference to the jury's verdict." *United States v. Henderson*, 626 F.3d 326, 334 (6th Cir. 2010).

To show possession, the government had to prove that Johnson held the weapon or exercised dominion over it. *See United States v. Walker*, 734 F.3d 451, 455 (6th Cir. 2013); *United States v. Arnold*, 486 F.3d 177, 183 (6th Cir. 2007) (en banc). Plenty of evidence showed just that. The arresting officer testified that Johnson asked him what would happen to the car that he had driven to work. After the officer said that he was not sure, Johnson told the officer that there was a gun in the car. "Well, I'm going to be honest with you. . . . There's a gun under the front seat." R. 73 at 81. Schimke and another officer involved in Johnson's arrest testified that they could not have driven the car without knowing that the loaded gun was there given its conspicuous location. That Johnson knew the gun was in the car and that it was located conspicuously within arm's length of him told the jury all it needed to know to convict him.

In the face of this testimony, the hearsay evidence had little role to play in supporting the government's theory of the case. The first piece of hearsay, Tweedly's statement that she owned the gun, *favors* Johnson, as it is easier to deny possession of someone else's gun. The second and third pieces—her statements that the gun was with Johnson if it was not in the bedroom, and that it was kept on Johnson's side of the bed when it was in the bedroom—are cumulative in light of Johnson's own statement saying he had the gun in the car within arm's length when he drove to work. Any error in admitting this evidence was harmless.

Johnson tries to fend off this conclusion by pointing out that no one found any of his fingerprints on the handgun. But fingerprints are a sufficient, not a necessary, requirement for a possession conviction. A forensic specialist added that finding such prints is "very rare," R. 74 at 12, and we have many cases upholding similar convictions without fingerprint evidence, as one might expect given that the statute allows a conviction when one exercises dominion over, even if one does not hold, the gun at issue. *See, e.g., United States v. Garcia*, 758 F.3d 714, 721–22 (6th Cir. 2014); *Walker*, 734 F.3d at 454–55, 458; *Arnold*, 486 F.3d at 181; *United States*

*v. Hibbler*, 193 F. App'x 445, 450 (6th Cir. 2006). No precedent requires a defendant's fingerprints to be on a firearm in order to support a conviction that the defendant possessed the weapon.

Johnson doubts that the jury could have separated the prejudicial effect of the rifle hearsay evidence from the prejudicial effect of the handgun hearsay evidence. But he gives the jury too little credit. "A jury is presumed to follow its instructions." *Blueford v. Arkansas*, 132 S. Ct. 2044, 2051 (2012). The district court instructed the jury that Johnson was on trial for two separate charges and cautioned, "[f]or each charge, you must decide whether the Government has presented proof beyond a reasonable doubt that the Defendant is guilty on that particular charge." R. 74 at 64. Johnson offers no valid reason why the jury, given this unchallenged (and proper) instruction, would have failed to consider the rifle evidence separately from the handgun evidence.

*Allowing the jury to see the name of Johnson's prior felony*. Johnson maintains that the district court committed reversible error when it did not redact the name of his prior felony from a document shown to the jury. We disagree.

To convict, the jury had to find that Johnson was previously convicted of "a crime punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 922(g)(1). The government offered to stipulate that Johnson had such a conviction. Johnson refused. Held to its proof, the government introduced evidence of the two prior felony convictions, including a certified copy of one, which included the name of the underlying crime: "Robbery with a Deadly Weapon." R. 93 at 3.

We have rejected similar arguments before. *See United States v. Ham*, 628 F.3d 801, 811 n.1 (6th Cir. 2011); *United States v. Davis*, 515 F. App'x 486, 487–88 (6th Cir. 2013); *see also United States v. Kincaide*, 145 F.3d 771, 782–83 (6th Cir. 1998). Each time, we reasoned that, although the government must accept a *defendant's* offer of an admission that the defendant has a prior qualifying conviction but that does not state the name of the underlying felony, *Old Chief v. United States*, 519 U.S. 172, 191–92 (1997), no such requirement exists when the defendant makes no offer or refuses the *government's* offer of a stipulation. *Ham*, 628 F.3d at 811 n.1; *Davis*, 515 F. App'x at 488.

Johnson adds that Federal Rule of Evidence 404(b) barred the admission of this evidence because it was used to show propensity—that, if he had possessed a gun once before (as the admission of the prior conviction necessarily showed) he would do so again. But this is a predictable hazard of possessing a gun in the aftermath of a gun-related felony conviction. And this hazard is precisely why *Old Chief requires* the government to accept a defendant's stipulation that he satisfies the prior-felony element of the criminal charge. For reasons of his own, Johnson refused to stipulate to a prior (unnamed) felony conviction—which would have resolved every concern he raises today. Having made that choice, Johnson had no legitimate basis for restricting the government's presentation of evidence about an essential element of the crime—a prior conviction—and, as fate would have it, a prior conviction for a gun-related crime. A contrary rule would mean that the government would have a harder time prosecuting felon-in-possession cases when the prior conviction involved a gun, a strange regime that would hinder prosecutions of the crime when society needs them most.

Nor does it make a difference that the underlying conviction resulted from a no-contest plea. The question is whether Johnson had a prior felony conviction. No-contest plea or not, the prior investigation led to a felony conviction. That is all that matters. *See Myers v. Sec'y of Health & Human Servs.*, 893 F.2d 840, 843 (6th Cir. 1990); *Pearce v. U.S. Dep't of Justice*, 867 F.2d 253, 255–56 (6th Cir. 1988) (per curiam); *see also United States v. Adedoyin*, 369 F.3d 337, 343–45 (3d Cir. 2004); Fed. R. Crim. P. 11 advisory committee's notes to the 1974 amendments ("A plea of nolo contendere is, for purposes of punishment, the same as the plea of guilty. . . . A judgment upon the plea is a conviction and may be used to apply multiple offender statutes.").

Johnson persists that the court on its own initiative should have given a limiting instruction about the prior conviction, warning the jury against inferring that, because Johnson had possessed a gun before, he would do so again. We say "on its own initiative" because Johnson never made any such request at the trial. Trial judges are not omniscient. That is why we expect defendants or their lawyers to object to the admission of improper evidence or to request needed jury instructions. And that is why, when they do not, the strictures of plain-error review make it difficult to overturn convictions based on arguments raised for the first time on

appeal. *See Puckett v. United States*, 556 U.S. 129, 134 (2009). No plain error occurred. Sure, such an instruction would have been permissible and might even have been a good idea. But it is difficult to see how it could have made a difference. As it is, the judge made clear to the jury that "the Defendant is only on trial for the particular crimes charged in the indictment. Your job is limited to deciding whether the Government has proved the crimes charged." R. 74 at 63. And as shown, considerable evidence showed that Johnson possessed the handgun.

*Improper instruction on an element of the crime.* Johnson argues that the judge effectively instructed the jury that the government had proved one element of the crime. Two premises of his argument are correct. A judge indeed may not instruct a jury that the government has established an element of a crime. *See Sandstrom v. Montana*, 442 U.S. 510, 523 (1979). And the trial judge in this instance made a comment on the record that at a minimum was unwise and in the end comes close to crossing the line. But it does not follow that the conviction must be vacated.

Here is what happened. Deon Hogan, an ATF agent, testified that the rifle and the handgun were made in Brazil and Massachusetts respectively and thus had traveled in interstate commerce, an element of the felon-in-possession crime. *See* 18 U.S.C. § 922(g). On cross-examination, Johnson asked Hogan to define "nexus" and "commerce." After Johnson confirmed that he was asking "about interstate commerce and what it means," the judge said, "[t]hat is law and I think I'm qualified, to some degree, as an expert on that. It just means it crossed state lines in the United States, Brazil is here too, and based upon the testimony of this witness, *both of these weapons crossed state lines and were in interstate commerce.*" R. 74 at 33 (emphasis added).

The italicized clause was unfortunate. The question is what to do about it. Johnson did not object to the statement, and thus plain-error review once again applies. *United States v. Alt*, 996 F.2d 827, 829 (6th Cir. 1993). The trial judge never repeated the statement and never violated the core prohibition in this area by *instructing* the jury that an element of the crime had been established. And it bears noting that a federal judge overseeing a jury trial "is not a mere moderator." *Quercia v. United States*, 289 U.S. 466, 469 (1933). The judge may well have been trying to help Johnson (acting for himself without formal legal training) by trying to focus him

on disputed facts and not on what "interstate commerce . . . means." Most importantly, the judge's statement did not affect Johnson's substantial rights because it did not affect the outcome. The judge later made clear to the jury, "[d]eciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way." R. 74 at 56. And Johnson never contested the handgun's nexus to interstate commerce—not when Hogan was on the stand, not during Johnson's closing argument, and not on appeal. All for good reason: The evidence indeed showed that the handgun, made in Massachusetts, traveled in interstate commerce.

That leaves one loose end. Having vacated one conviction and having upheld another, we must consider what to do about the two *concurrent* 60-month sentences that the judge imposed for both convictions. One possibility, we realize, is to leave the 60-month sentence in place for the affirmed handgun conviction. Yet the better approach, we think, is to vacate both sentences. If on appeal some but not all of a defendant's convictions stand and the sentences for the multiple counts are "interdependent," we often will vacate the defendant's sentence in its entirety. *See, e.g., United States v. Walli*, 785 F.3d 1080, 1089 (6th Cir. 2015). That is appropriate here given the connection between the two sentences. The court settled on a below-guidelines sentence, but the advisory guidelines range grouped the two convictions and added an enhancement related to the now-vacated rifle conviction. In this instance, the law of comparative advantage suggests that the district court, not the court of appeals, should decide in the first instance how to sentence Johnson now that only one conviction with no enhancement remains.

For these reasons, we vacate Johnson's rifle conviction, affirm the handgun conviction, vacate both sentences, and remand for further proceedings.