NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0335n.06

Nos. 22-1687/1688

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Jul 21, 2023
DEBORAH S. HUNT, Clerk

FRANK RICHARDSON,

    Petitioner - Appellant,

v.

UNITED STATES OF AMERICA,

    Respondent - Appellee.

)
)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE EASTERN
DISTRICT OF MICHIGAN

OPINION

Before: BATCHELDER, COLE, and NALBANDIAN, Circuit Judges.

**NALBANDIAN, Circuit Judge.** A jury convicted Frank Richardson of several offenses, including aiding and abetting the use or carrying of a firearm during and in relation to a crime of violence. After the Supreme Court twice vacated his sentence, we affirmed his conviction. He petitioned the district court to vacate his sentence under 28 U.S.C. § 2255. And he alleged that he received ineffective assistance of counsel based on his trial and appellate counsels' failure to object to erroneous jury instructions. The district court denied his petition. Because Richardson was not prejudiced by his counsel's failure, even if his counsel's performance was deficient, we AFFIRM.

I.

Frank Richardson organized and participated in five 2010 robberies of retail stores in the Detroit area. *United States v. Richardson*, 793 F.3d 612, 618 (6th Cir. 2015), *judgment vacated*, 577 U.S. 1129 (2016). Each time, masked and gloved robbers stole electronics from the store, and at least one robber was armed. *Id*. Richardson never entered the stores himself. *Id.* Instead, he

planned the robberies, provided supplies, and acted as a lookout while his co-conspirators entered the stores. *Id*. He then sold the stolen goods and split the proceeds. *Id*. at 619. Richardson and his co-conspirators were arrested on May 28, 2010, after police observed them robbing a Radio Shack. Richardson was charged with five counts of aiding and abetting Hobbs Act Robbery in violation of 18 U.S.C. § 1951(a); five counts of aiding and abetting the use of a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c); and one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g).[1]

Richardson's jury trial took place over several days. Richardson's co-conspirators testified that they had entered the stores armed and threatened people. And several victims testified that the robbers had used guns during their crimes. An employee of the first store to be robbed testified that she "saw three guys come into the store holding guns." (R. 216, PageID 2671, Page 461). The men "came in pointing guns and basically they told everybody to get to the back and then, you know, get down on the ground." (*Id.*). At one point, when a customer came in the store, the robber "took the gun off [her] head and he moved it to the lower part of [her] back." (*Id.* at PageID 2676, Page 466).

Other victims offered similar testimony. An employee at the second robbery described having his hands up because the robbers "had a gun pointed at" him. (R. 209, PageID 1413, Page 395). A customer at the third robbery testified that one of the robbers "did have a gun. He was pointing it at the [] people at the back." (*Id.* at PageID 1421, Page 403). An employee at the fourth robbery testified that the robbers pointed weapons at himself and his colleague. And an employee

---

[1] Richardson was charged in two separate indictments, though his case was ultimately consolidated.

at the final robbery testified that he saw one of the robbers point a gun and that the weapon was pressed against the back of his head.

Before the jury deliberated, the court instructed them on the counts charged. As for the use-of-a-firearm charges, the court initially told the jury that Richardson had been charged with the crime of "aiding and abetting the crime of using or carrying a firearm during and in relation to a crime of violence." (R. 214, PageID 2571, Page 1842). The court then provided the following more detailed instructions to the jury:

> For you to find Mr. Richardson guilty of these offenses, you must be convinced that the government has proven each and every one of the following three elements beyond a reasonable doubt. First, that Mr. Richardson aided and abetted a person who used, carried or *possessed* a firearm. Second, that the firearm was used, carried or *possessed* during and in relation to a crime of violence which may be prosecuted in a court of the United States. And finally, that Mr. Richardson acted knowingly when doing this.

(*Id.* (emphases added)).

In doing so, the court added an element that the use-of-a-firearm crime doesn't contain, namely "possession" of a firearm. *See* 18 U.S.C. § 924(c); *infra* Part II.A. But after that, the court continued to instruct the jury and correctly stated the elements of the offense several times. The jury verdict form also correctly listed the elements of the offense.

The court also instructed the jury that if they found Richardson guilty of the use or carrying charges, they would then be required to answer a special interrogatory determining whether a weapon was "brandished" during the crime. (R. 214, PageID 2594, Page 1865). The court instructed the jury that brandishing meant "to display all or part of the firearm or otherwise make the presence of the firearm known to another person in order to intimidate that person, regardless of whether the firearm is directly visible to that person." (*Id.*).

The jury found Richardson guilty on all charges. And for each use or carrying offense, it found that a weapon had been brandished.

After Richardson was sentenced, he appealed his conviction and sentence. The Sixth Circuit affirmed twice, but each time, the case was vacated and remanded by the Supreme Court with instructions that we consider an intervening change in law. *See Richardson*, 793 F.3d at 634, *judgment vacated*, 577 U.S. 1129 (2016) (remanding for consideration of *Johnson v. United States*, 576 U.S. 591 (2015)); *United States v. Richardson*, 906 F.3d 417, 429 (6th Cir. 2018), *judgment vacated*, 139 S. Ct. 2713 (2019) (remanding in light of the First Step Act of 2018). We affirmed his conviction and sentence a third time, and the Supreme Court denied certiorari. *United States v. Richardson*, 948 F.3d 733, 753 (6th Cir.), *cert. denied*, 141 S. Ct. 344 (2020).

Richardson has now moved to vacate his sentence under 28 U.S.C. § 2255. He claims that he was deprived of effective assistance of counsel at both the trial and appellate level when his counsel failed to object to several erroneous jury instructions. The district court acknowledged that the instructions were erroneous but declined to grant Richardson a certificate of appealability on his ineffective-assistance-of-counsel claim, finding that he had failed to show prejudice.

Richardson moved this Court for a certificate of appealability. And we granted it with regard to his claim that his trial and appellate counsel were constitutionally ineffective by failing to challenge the district court's jury instructions about the § 924(c) elements.[2]

---

[2] Richardson also alleged error based on counsel's failure to challenge the district court's incorrect statement of the predicate offenses of his § 924(c) conviction and the application of a mandatory seven-year sentence for brandishing where he had not been formally charged with brandishing in the indictment. The district court declined to grant a certificate of appealability on these grounds as well. We did not grant Richardson a certificate of appealability on these questions, finding that jurors of reason would conclude that the court's misstatement of the predicate offenses, taken as a whole, did not render the jury instructions confusing or prejudicial. And we found that he had forfeited his claim regarding his mandatory seven-year sentence by failing to seek a certificate of appealability on that issue.

II.

We review the denial of a § 2255 motion de novo, while reviewing the district court's factual findings for clear error. *Moss v. United States*, 323 F.3d 445, 454 (6th Cir. 2003). "Ineffective assistance of counsel claims present mixed questions of law and fact and are reviewed *de novo*." *United States v. Ferguson*, 669 F.3d 756, 761 (6th Cir. 2012).

A.

In order to prevail on an ineffective assistance of counsel claim, a petitioner must show two things: (1) "that counsel's representation fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 688 (1984). And (2): "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*.

As the government concedes, Richardson has a strong argument that the first prong of the *Strickland* test has been met here. We have held that counsel's failure to object to an erroneous jury instruction may fall below the objective standard of reasonableness required by *Strickland*. *See Lucas v. O'Dea*, 179 F.3d 412, 419 (6th Cir. 1999). And the government admits that the instruction was in part erroneous. But we need not resolve whether counsel's failure to object was objectively unreasonable because we may "dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice," as opposed to first determining whether counsel's performance was deficient. *Strickland*, 466 U.S. at 697. So counsel's failure is not enough for Richardson to prevail on his *Strickland* claim. He must show a reasonable probability that but for the error, the proceeding's result would have been different. *Id*. at 694. This he cannot do.

Taken by themselves, the erroneous instructions give us pause. The district court misstated the law twice. And the government gave the same erroneous statement of the law in its opening and closing statements. At the same time, the court correctly instructed the jury multiple times after the erroneous instruction was given. And the indictments and jury forms correctly stated the law on aiding and abetting the use or carrying of a weapon.

We have found, in cases concerning the identical instructional error regarding the same § 924(c) charges at issue here, that where a court's jury instructions conflict with the indictment, this may so taint the jury's verdict that that verdict must be vacated. *See United States v. Combs*, 369 F.3d 925, 936 (6th Cir. 2004); *United States v. Lowe*, 172 F. App'x 91, 94–95 (6th Cir. 2006). And in the same context as this case, we found that erroneous statements by the government may contribute to erroneous statements by the court, making it more likely a jury convicted a defendant improperly. *See United States v. Savoires*, 430 F.3d 376, 380 (6th Cir. 2005). Still, in the cases where we have vacated defendants' convictions based on erroneous jury instructions, the errors pervaded the entire jury instruction and often affected multiple aspects of the trial. *See, e.g.*, *United States v. Castano*, 543 F.3d at 831–32. Here, the errors by the court were limited to two incorrect statements among multiple correct ones, as well as two erroneous statements by the government. But we need not engage in a line-drawing exercise to determine whether the errors in this case were so extensive that they created a reasonable probability that a properly instructed jury would have reached a different result. We know that they would not.

That's because the jury here answered interrogatories on the question of brandishing. If the jury found Richardson guilty of aiding and abetting a use or carry offense, they were asked to find whether "the government had proved beyond a reasonable doubt that a firearm was brandished" in the offense. (R. 171, PageID 676–81; Page 1–6). And the court defined brandishing

as "to display all or part of the firearm or otherwise make the presence of the firearm known to another person in order to intimidate that person, regardless of whether the firearm is directly visible to that person." (R. 214, at PageID 2594, Page 1865). Through the special interrogatories, the jury found that for each aiding-and-abetting offense, a firearm had been brandished.

We have suggested in another context that interrogatories indicate the jury's findings on specific questions and can be used to determine the basis on which a defendant was convicted. *See United States v. Ford*, 761 F.3d 641, 656 (6th Cir. 2014); *see also United States v. Gonzales*, 841 F.3d 339, 353 (5th Cir. 2016) ("[O]nce a special interrogatory is asked, the jury's answers have legal force."); *United States v. Dvorak*, 617 F.3d 1017, 1026 (8th Cir. 2010) ("Here, there is no need to guess as to whether a rational jury would have found [the defendant] guilty if the proper instructions were given because a rational jury *did* find that he met the additional element of the statute."). The jury's responses allow us "to determine upon what factual and legal basis the jury decided a given question." *United States v. Najjar*, 300 F.3d 466, 480 n.3 (4th Cir. 2002). And here the jury was specifically instructed that brandishing a weapon was a form of "use." (R. 214, at PageID 2572, Page 1843).

The jury's unanimous agreement that a firearm was brandished indicates that they found that a firearm was displayed or made known to another person in order to intimidate them. The court instructed the jury that brandishing was a form of "use." (*Id.* at PageID 2572, Page 1843). And we have held that "[t]o prove a violation of 18 U.S.C. § 924(c)(1)(A), it is enough for the Government to prove that defendant committed a crime of violence, and that during or in relation to the crime of violence, defendant used, carried, or brandished a firearm." *United States v. French*, 976 F.3d 744, 748 (6th Cir. 2020); *see also* Sixth Circuit Pattern Jury Instruction 12.02(2)(A) ("To establish 'use,' the government must prove active employment of the firearm during and in relation

to the crime charged in Count ___. 'Active employment' means activities such as brandishing, displaying, bartering, striking with, and most obviously, firing or attempting to fire, a firearm."). So here, the jury convicted Richardson of aiding and abetting the use of a firearm during and in relation to a crime of violence.

And there was certainly overwhelming evidence to support such a conviction. Multiple witnesses, including Richardson's victims and co-conspirators, had testified that the robbers held weapons in a threatening manner during the robberies. So even if the district court had not misstated the elements of the offense at any point during the jury instructions, there is no reasonable probability that the outcome would have been different. *See Napier v. United States*, 159 F.3d 956, 962 (6th Cir. 1998) (holding that "errors in [jury] instructions d[id] not rise to the level of actual prejudice").

B.

Richardson argues that in assessing prejudice, we should not rely on the special interrogatories regarding brandishing for two reasons. First, he claims that the answers to the interrogatories somehow constructively amended his indictment, and so we should not use them. Richardson's claim requires us to find a constructive amendment based on the jury's findings regarding brandishing. In granting Richardson's COA, we found that he had forfeited his argument with respect to the brandishing sentencing enhancement. Richardson does not attempt to relitigate his sentence. But he claims that the interrogatories represent a separate violation of his rights and cannot be used to show that counsel's error did not affect the outcome. It doesn't appear that Richardson ever objected to or challenged the interrogatories at trial.[3] And he did not raise the

---

[3] Richardson argued that the interrogatories constructively amended his conviction during his second appeal. 17-2183 Appellant Br. at 34. Because we construed the remand in that case to have been limited to addressing the application of the Supreme Court's decision in *Johnson*, we

issue of constructive amendment in his motion for a COA. But we need not decide whether Richardson's forfeiture of the sentencing enhancement argument or other failures to raise the constructive amendment argument bar him because no constructive amendment occurred.

"A constructive amendment results when the terms of an indictment are in effect altered" at trial so that a "defendant may have been convicted of an offense other than the one charged in the indictment." *United States v. Martinez*, 430 F.3d 317, 338 (6th Cir. 2005) (quoting *United States v. Smith*, 320 F.3d 647, 656 (6th Cir. 2003)). Here, the terms of Richardson's indictment line up with the crimes he was convicted of—*none* of which were brandishing a firearm. *Cf. Alleyne v. United States*, 570 U.S. 99, 113–14, 115–16 (2013) ("[B]randishing . . . constitutes an element of a separate, aggravated offense that must be found by the jury[.]"). To be clear, the jury's answers to the special interrogatories (each affirming that a firearm was brandished during the offenses) were *findings*—not convictions in themselves. So no constructive amendment occurred and we may consider the interrogatories.[4]

---

did not address this argument. *Richardson*, 948 F.3d at 739. But this would not have stopped Richardson from raising the argument in his application for a COA.

This does not mean that Richardson could not raise any arguments regarding the interrogatories. The COA covers ineffective assistance of counsel, which requires looking at prejudice. In its brief, the government argues that Richardson cannot show prejudice because of the special interrogatories. Richardson's challenges to the special interrogatories are responses to the government's prejudice arguments. So we need not decide whether he forfeited these arguments because he is allowed to respond to the government's arguments.

[4] Even if the failure to charge brandishing in the indictment was error, we must consider whether this error was prejudicial. *See United States v. Evans*, 568 F. App'x 368, 369–70 (6th Cir. 2014) ("We have applied harmless error analysis to an indictment's failure to allege an element of a crime."). We have found that where a defendant admits to brandishing in a plea agreement with knowledge of the potential impact on his sentence, no prejudice occurs from the failure to include brandishing in the indictment. *United States v. Yancy*, 725 F.3d 596, 599–600 (6th Cir. 2013). Likewise, no prejudice occurs where the jury finds beyond a reasonable doubt that brandishing occurred. So any error that may have occurred with respect to the indictment does not affect our ability to consider the interrogatories as evidence of the basis of the jury's conviction.

Second, Richardson argues that the brandishing interrogatories introduced a new form of participation. Specifically, the interrogatories asked the jury if they found beyond a reasonable doubt that "a firearm was brandished . . . in connection with the commission of" each offense. (R. 171 at PageID 677–81; Page 2–6). Richardson argues that the "in connection with the commission of" standard of participation is different from the "during and in furtherance" standard at issue in the use and carry offense.

Richardson cites no caselaw for this proposition. But even if the standards of participation are different, it would not affect the result here. The jury was instructed not to "answer the[] jury interrogatories or questions until [they had] reached a verdict on [the use or carry] counts." (R. 214, PageID 2593, Page 1864). And "[a] jury is presumed to follow its instructions." *United States v. Johnson*, 803 F.3d 279, 282 (6th Cir. 2015) (quoting *Blueford v. Arkansas*, 566 U.S. 599, 606 (2012)).

This means that the jury here first determined that the relevant conduct with the firearm occurred "during and in relation to a crime of violence." And their answers to the interrogatories after clarified what relevant conduct (i.e., brandishing) got them to the "use" of the firearm. So nothing prevents us from looking to the jury's answers to the special interrogatories. And they show that no prejudice occurred by counsel's failure to object to the erroneous jury instructions.

III.

For these reasons, we AFFIRM the district court's denial of Richardson's 28 U.S.C. § 2255 motion.